IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 09-0236 SBA |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO CONTINUE SENTENCING DATE** |
| v. | |
| DAVID JEFFREY, | [Docket No. 55] |
| Defendant. | |

On April 29, 2010, defendant filed a motion to continue the sentencing date in this matter from May 4, 2010, for four to six weeks. Defendant's motion is based on his Primary Physician's referral to a gastroenterologist to address an adenomatous polyp in his colon that was diagnosed on July 20, 2009. (See Mot., Ex. 1 at 2 (Letter from Dr. Ron Huang).) These polyps often become cancerous. (Id.) Since the July 20, 2009 diagnosis, defendant has undergone several treatments seeking to address this potential cancerous growth. On February 17, 2010, defendant underwent a third colonoscopy that was unsuccessful at removing the adenomatous polyp. Defendant's Primary Physician has referred him to a second gastroenterologist for a consultation, scheduled for June 9, 2010, and a possible repeat colonoscopy. Defendant argues that as many of his health issues should be resolved prior to sentencing so that their condition can be included in the final presentence report, which will be taken into account by the Bureau of Prisons in both its designation and the conditions of incarceration of defendant.

The Government opposes the motion on the grounds that defendant's "sole reason for seeking yet another continuance is because of his 'family history' [of cancer]. This 'family history' will not change with the passage of time, and will be no different in mid to late June than it is now."

(Opp. at 2.) The Government, however, fails to address the letter from defendant's Primary Physician stating that there are still concerns with the adenomatous polyp, and the doctor's assertion that the "risk of colon cancer is greatly increased once these polyps are found, and more so if not dealt with definitively." (Mot., Ex. 1 at 2.) Moreover, the Government does not address the consideration the Bureau of Prisons will give to the gastroenterologist's diagnosis in its designation of defendant.

Accordingly, the Court hereby FINDS that the ends of justice served by granting the continuance outweigh the best interests of the public and defendant in a speedy trial, pursuant to 18 U.S.C. Section 3161(h)(7)(A), (B)(iv), and the time period from May 4, 2010 to **June 22, 2010 at 10:00 a.m.** shall be excluded under the Speedy Trial Act. The continuance is required for defendant to meet with a gastroenterologist to diagnosis his current medical condition and that information to be included in the final presentence report for consideration by the Bureau of Prisons.

Based on this finding, IT IS HEREBY ORDERED THAT the hearing is continued from May 4, 2010 to **June 22, 2010 at 10:00 a.m.** for change of plea and judgment and sentencing.

Further, defendant is warned that there will be no further continuances in this matter absent exigent circumstances. Should defendant request another continuance in this matter related to his health, it shall be accompanied by a clear showing that the medical facilities of the Bureau of Prisons are incapable of addressing defendant's health concerns.

**SO ORDERED.**

Dated: 5/5/10

SAUNDRA BROWN ARMSTRONG
United States District Judge

2